# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| **In Re** | |
| TERRY LEAVERN HEALY and KARLA MAE HANSON, | **Bankruptcy Case No. 09-02663–JDP** |
| **Debtors.** | |
| **In Re** | |
| DEBORAH ALLIDA TITUS, | **Bankruptcy Case No. 09-02890-JDP** |
| **Debtor.** | |
| **In Re** | |
| STEPHANIE CAMILLE CANE, aka STEPHANIE C. WALTERS, aka STEPHANIE CAMILLE WAKEFIELD CAIN, | **Bankruptcy Case No. 09-03225-JDP** |
| **Debtor.** | |

## MEMORANDUM OF DECISION

**Appearances:**

Jeremy G. Gugino, Boise, Idaho, Chapter 7 Trustee.

MEMORANDUM OF DECISION - 1

In each of these three chapter 7 cases,[1] in connection with his final accountings, trustee Jeremy Gugino ("Trustee") has applied for approval of his compensation seeking the maximum amount allowed under § 326(a) based upon the respective amounts to be distributed to creditors.[2]  When Trustee's fee application was submitted to the Court for its review, the Court could not discern, based solely upon the docket and record in each case, that Trustee's requests for compensation were "reasonable" in light of the services he performed, as required by §§ 326(a) and 330(a).  Therefore, the Court ordered that a hearing be conducted concerning these fee applications at which Trustee could appear to submit additional information, evidence, representations, argument, or other reasons in support of his fee requests.

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

[2] Trustee requests compensation of $1,192.65 in the Healy case (09-02663); all funds available for distribution to creditors will be paid to a single priority creditor.  Trustee requests compensation of $1,296.70 in the Titus case (09-02890); all funds available for distribution to creditors will be paid to three unsecured creditors.  Trustee requests compensation of $1,296.70 in the Cain case (09-03225); all funds available for distribution to creditors will be paid to a single priority creditor.

MEMORANDUM OF DECISION - 2

That hearing occurred on September 1, 2010, and Trustee appeared. However, at that time, instead of making a presentation in support of his fee requests, Trustee indicated he was unable to submit any evidence or information to justify the amounts sought in his fee applications, save and except for his generic statements to the effect that, because these were all "routine" cases, he estimated that he had spent approximately three hours total performing services pursuant to his statutory duties for which he sought payment. In other words, rather than present any specific facts to support his fee requests, Trustee repeatedly suggested that the Court should simply award to him what it "felt" was a reasonable fee.

Of course, Trustee's approach to his fee applications misperceives his burden, and the role of the Court, in establishing the amount of reasonable compensation in each case he serves. *See, e.g.*, *Roderick v. Levy (In re Roderick Timber Co.)*, 185 B.R. 601, 606 (9th Cir. BAP 1995) ("The trustee has the burden of establishing that he or she is entitled to the fees requested."); *In re Iwasa*, No. 02-01795-JDP, 2007 WL 4198259, at *3 (Bankr. D. Idaho 2007); *In re Helsley*, No. 03-41411-JDP, 2007 WL 1087455, at *3

MEMORANDUM OF DECISION - 3

(Bankr. D. Idaho 2007). Because Trustee has submitted no other substantive proof or information to allow the Court to determine that his requested compensation is reasonable, the Court has no choice but to determine a reasonable amount based solely upon its limited, "cold" record, together with Trustee's nondescript suggestion that he spent no more than three hours in performing his duties in each case.

From a review of the record in each of these cases, and, in particular, from Trustee's final accountings, it appears Trustee recovered, with no particular special effort required, monies from the debtors and others to distribute to creditors, largely from income tax refunds. In none of the cases does it appear that Trustee was required to engage in any significant extraordinary administrative duties, such as investigating the debtors' financial affairs, contesting exemptions or right to a discharge, liquidating assets, or examining or objecting to numerous creditor claims. Instead, as he acknowledged at hearing, Trustee apparently performed only truly routine duties in these cases, such as reviewing the schedules, conducting a brief § 341(a) meeting, receiving and later accounting for bankruptcy estate

MEMORANDUM OF DECISION - 4

funds, and submitting his final accounting. Moreover, unlike the situation in many cases where creditors' claims abound, when these final accountings are approved, Trustee will be required to write only one, two, or three checks to creditors and, after they clear, file a closing statement for each case. As a result, there has been, and will be, little administrative burden placed on Trustee in administering these cases.[3]

In evaluating the fee applications, the Court has assumed that all of the services performed by Trustee in these cases were required by the Code, were executed with diligence and competence, and were "valuable" in the sense of enabling some creditors to get paid some amounts. However, in the absence of proof by Trustee, such as through contemporaneous time records or more comprehensive descriptions of the various tasks he undertook, it is a significant chore for the Court to determine the reasonable value of those services. And, in these cases, without more proof, it seems the amounts requested for compensation by

---

[3] Indeed, but for turnover of tax refunds and consequent small distributions to creditors, these cases required little additional effort from Trustee beyond that needed in most "no-asset" cases.

MEMORANDUM OF DECISION - 5

Trustee are disproportionate to the value of the services he performed.

Section 326(a) establishes caps on chapter 7 trustee compensation in each case based upon the amount of distributions made to creditors. Section 330(a) provides that chapter 7 trustees, like other estate professionals, are entitled to "reasonable" compensation for their services. Section 330(a)(7), added to the Code in 2005 by BAPCPA, indicates that, in determining reasonable compensation for a chapter 7 trustee, the court shall treat such compensation as a "commission." Even so, courts construing that new provision have nearly uniformly held that any amounts awarded to the trustee must nonetheless be "reasonable" in the opinion of the bankruptcy court based upon the extent and value of the trustee's services rendered in each case. *See, e.g.*, *In re Ward*, 418 B.R. 667, 670-80 (W.D.Pa. 2009) (collecting and discussing cases); 3 Collier on Bankruptcy, ¶ 330.02[1][a], 330-8-10 (16th ed.) (noting that courts "have been uniform in holding that [changes made by BAPCPA, including addition of § 330(a)(7)] do not eliminate the court's statutory role in reviewing trustee's compensation for reasonableness."). Moreover, there is

MEMORANDUM OF DECISION - 6

nothing in § 330(a) to indicate that the other provisions of that section guiding the Court in setting reasonable compensation, such as § 330(a)(3) and (a)(4), which provide "factors" for the Court to consider, no longer apply to chapter 7 trustee fee requests.

In each of these cases, the Court finds that, while his services were valuable, the requested compensation is excessive in light of the what Trustee did. Because Trustee has not provided the Court with any other evidence or information to sustain his fee requests in these cases (despite being repeatedly implored by the Court at the hearing to do so), the Court accepts Trustee's representation that he worked about three hours per case performing routine tasks. Because the facts demonstrated by the record show that Trustee was required to perform only the minimal services required to fulfill his statutory duties, and considering the factors set forth in § 330(a), and, in particular, those in subsection (a)(3), the Court finds and concludes that reasonable compensation for Trustee in each of these cases is the sum of $500.

Trustee shall submit appropriate orders in each case approving the

MEMORANDUM OF DECISION - 7

final accountings and Trustee's fee applications consistent with this decision. Trustee's request for reimbursement of his expenses is approved in each case for the amount sought in his application.

This Memorandum constitutes the Court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052; 9014.

Dated: September 16, 2010

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge